J-S10045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| VICTOR BLANT | : | |
| | : | |
| Appellant | : | No. 2425 EDA 2018 |

Appeal from the PCRA Order Entered July 30, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1011251-1994

BEFORE:   GANTMAN, P.J.E., STABILE, J., and COLINS*, J.

MEMORANDUM BY GANTMAN, P.J.E.:                  **FILED APRIL 09, 2019**

Appellant, Victor Blant, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his serial petition brought pursuant to the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In its opinion, the PCRA court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no need to restate them.

Appellant raises one issue for our review:

> DID PCRA COURT COMMIT REVERSIBLE LEGAL ERROR WHEN IT DENIED [APPELLANT'S] PCRA PETITION WHEN IT DID NOT RECOGNIZE THAT A **BRADY** VIOLATION DOES EXIST IN [APPELLANT'S] 2ND DEGREE MURDER CONVICTION AND THAT RULINGS IN **DENNIS V. SECRETARY, PA DEPARTMENT OF CORRECTIONS**, AND **COMMONWEALTH V. BURTON** QUALIFY [APPELLANT] FOR PCRA RELIEF REQUESTED, AND THAT PCRA PETITION

_____
* Retired Senior Judge assigned to the Superior Court.

SHOULD NOT HAVE BEEN TIME BARRED?

(Appellant's Brief at 5).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101, 109 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super. 2012); Pa.R.Crim.P. 907.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Genece E. Brinkley, we conclude Appellant's issue merits no relief. The PCRA court opinion comprehensively discusses and properly disposes of the case. (*See* PCRA Court Opinion, filed October 31, 2018, at 2-5) (finding: Appellant failed to support his claims of undisclosed plea deals with certain witnesses in

exchange for their testimony; absent more, mere attachment of court summaries, sentencing orders, and docket sheets pertaining to three witnesses proved only that witnesses had criminal matters disposed of around time of Appellant's trial but did not prove dispositions were favorable or in compensation for witnesses' testimony against Appellant; allegation of undisclosed deals was patent speculation; moreover, Appellant was aware at his trial that these witnesses had open criminal matters; Appellant failed to articulate any efforts he made before 2016 to obtain public records of these witnesses; waiting for nearly two decades to take action was not due diligence and is fatal to Appellant's attempt to satisfy exception to PCRA time bar). The record supports the PCRA court's decision. Accordingly, we affirm based on the PCRA court opinion.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/9/19

COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

CP-51-CR-1011251-1994 Comm. v. Blant, Victor
Opinion

8186384291

COMMONWEALTH OF PENNSYLVANIA

v.

VICTOR BLANT

FILED IN
SUPERIOR COURT

DEC 17 2018

EASTERN DISTRICT

CP-51-CR-1011251-1994
2425 EDA 2018

**OPINION**

GENECE E. BRINKLEY, J.                                    Date: October 31, 2018

This appeal comes before the Superior Court following the dismissal of a Post Conviction Relief Act ("PCRA")[1] petition filed on April 13, 2017. On July 30, 2018, this court dismissed his PCRA petition for the reasons set forth below.

## I. PROCEDURAL HISTORY

Victor Blant (hereinafter referred to as "Petitioner") was arrested and subsequently charged in connection with the 1994 robbery and fatal shooting of Anthony Walker. On November 1, 1995, following a jury trial presided over by the Honorable Robert A. Latrone, Petitioner was convicted of second-degree murder, robbery, possession of an instrument of crime, and criminal conspiracy. On January 4, 1996, the trial court sentenced Petitioner to an aggregate term of life imprisonment. Following a direct appeal, the Superior Court affirmed the judgment of sentence in part on January 31, 1997.[2] The Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal on June 24, 1997.[3]

---

[1] 42 Pa. Cons. Stat. §§ 9541-9546.
[2] *Commonwealth v. Blant*, 698 A.2d 105 (Pa. Super. 1997) (table).
[3] *Commonwealth v. Blant*, 698 A.2d 63 (Pa. 1997) (table).

1

Petitioner filed his first *pro se* PCRA petition on October 15, 1997. Counsel was appointed and subsequently filed a *Turner/Finley* "no-merit" letter.[4] The PCRA court denied relief on August 25, 1998. Petitioner did not file an appeal to the Superior Court.

Petitioner was subsequently unsuccessful in obtaining collateral relief through serial petitions filed in 1999[5] and 2012.[6]

On April 13, 2017, Petitioner filed the instant *pro se* PCRA petition, his fourth. Pursuant to Pennsylvania Rule of Criminal Procedure 907, Petitioner was served notice of the PCRA court's intention to dismiss his petition on April 26, 2018. Petitioner submitted a response to the Rule 907 notice on May 8, 2018. On July 30, 2018, the PCRA court dismissed his petition as untimely without exception. On August 8, 2018, the instant notice of appeal was timely filed to the Superior Court.

## II. DISCUSSION

Petitioner's current PCRA petition seeking relief on the basis of newly-discovered *Brady*[7] evidence was untimely filed and none of the exceptions to the time-bar are applicable. The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Robinson,* 12 A.3d 477 (Pa. Super. 2011). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa. Cons. Stat. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3).

Petitioner's judgment of sentence became final for PCRA purposes on or about September 22, 1997, ninety days after the Pennsylvania Supreme Court denied *allocatur* and the time to file a petition for writ of *certiorari* to the United States Supreme Court expired. *See id.*; U.S. Sup. Ct. R. 13. His *pro*

---

[4] *Commonwealth v. Turner,* 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley,* 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[5] *Commonwealth v. Blant,* 852 A.2d 1243 (Pa. Super. 2004) (table).

[6] *Commonwealth v. Blant,* 170 A.3d 1255 (Pa. Super. 2017) (table).

[7] *Brady v. Maryland,* 373 U.S. 83 (1963).

2

*se* petition, filed on April 13, 2017 (including supplemental petitions), was therefore untimely by approximately nineteen years. *See* 42 Pa. Cons. Stat. § 9545(b)(1).

Despite the one-year deadline, the PCRA permits the late filing of a petition where a petitioner alleges and proves one of three narrow exceptions to the mandatory time-bar under 42 Pa. Cons. Stat. § 9545(b)(1)(i)-(iii). To invoke an exception, a petition must plead and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* § 9545(b)(1)(i)-(iii).

In an attempt to satisfy the previously-unknown fact exception, § 9545(b)(1)(ii),[8] Petitioner claimed that he recently discovered that the prosecutor entered into undisclosed deals with witnesses Jonathan Walker, Jermell Shelton, and Will Huggins to testify in Petitioner's case in exchange for special consideration, including immunity. *See* PCRA petition, 4/13/17 at 4. In support of his claim, Petitioner appended court summaries, sentencing orders, and docket sheets pertaining to the three witnesses. *See id.* at Exhibits 2-4.

Petitioner's attachment of public court documents did not prove the underlying 'fact' of secret agreements for purposes of subsection 9545(b)(1)(ii). Petitioner is correct that the witnesses had criminal matters that were disposed on or around the time of Petitioner's trial. *See id.* Additionally, the court documents detailed the witnesses' entrance into guilty pleas on some charges as well as the

---

[8] The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa. 2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001).

3

Commonwealth's decision to *nolle pros* others. *See* PCRA petition, 4/13/17 at Exhibits 2-4. However, despite the lack of evidence pertaining to the prosecutorial merits of any of the witnesses' respective cases, Petitioner surmised that the dispositions were favorable to them. *See id.* at 14-16. Petitioner then concluded that the favorableness invariably resulted from agreements to recompense the witnesses for testifying against him. *See id.* Contrary to Petitioner's argument, the court documents reveal nothing about the series of events which led to the dispositions of the witnesses' cases. Thus, Petitioner's conclusion regarding the existence of undisclosed deals was patently speculative.

Even if Petitioner substantiated the 'fact' that the prosecutor entered into secret deals with the witnesses, he failed to demonstrate that the court documents, most publicly available for over twenty years, were previously unascertainable. While Petitioner is correct that the public record presumption does not apply to *pro se* prisoner petitioners for purposes of subsection 9545(b)(1)(ii), *see Commonwealth v. Burton*, 158 A.3d 618 (Pa. 2017), he still maintained the burden of demonstrating due diligence.

During the time of his trial in 1995, Petitioner was aware that these same witnesses had open criminal cases. *See id.* at 23. Petitioner also averred that one of the witnesses, Shelton, testified to being a party to a deal. *See id.* at 19. Despite suspecting the existence of at least one possible plea deal in 1995, Petitioner claimed that the court documents were nevertheless unascertainable until his sister, Latoya, mailed them to him, at his request, in 2017. *See id.* at 6, 43 (unpaginated). Petitioner failed, however, to even articulate, much less evidence, any specific efforts made prior to 2017 to obtain the public court records. Instead, Petitioner simply claimed that he has tried for years to search for evidence of deals. *See* PCRA petition, 4/13/17 at 6. Petitioner also failed to demonstrate, in the alternative, that waiting more than two decades to take action constituted a reasonable tactic. These deficiencies were fatal to Petitioner's attempt to satisfy the due-diligence prong of subsection 9545(b)(1)(ii).

4

## III. CONCLUSION

This court has evaluated a serial PCRA petition filed by Mr. Blant. Petitioner failed, however, to plead and prove an exception to the PCRA's timeliness provision. Accordingly, for the reasons stated herein, the decision of the court dismissing his PCRA petition should be affirmed.

BY THE COURT:

BRINKLEY, J.

5